Ruth Ann **BISHOP** and John Franklin
Bishop, Movants,

v.

**ALLSTATE INSURANCE COMPANY,**
Respondent.

Supreme Court of Kentucky.

Sept. 1, 1981.

Rehearing Denied Dec. 15, 1981.

David Kaplan, Louisville, for movants.

C. Dant Kearns, Louisville, for respondent.

LUKOWSKY, Justice.

The issue is the validity of a family or household exclusion provision in an automobile insurance contract which eliminates the minimum security coverage for tort liability required by Kentucky's Motor Vehicles Reparations Act (MVRA), KRS 304.39–010 et seq. We conclude that such an exclusion provision is invalid because it effectively renders a motor vehicle owner or operator uninsured and thereby violates the legislatively mandated public policy of compulsory insurance.

Ruth Ann Bishop was injured in a single-vehicle automobile accident in which she was the sole passenger and her husband, John Franklin Bishop, was the driver. At the time of the accident John Franklin carried an automobile insurance policy with Allstate Insurance Company which contained a provision excluding liability coverage for bodily injury to relatives of the insured residing in his household. On the basis of this "family" or "household" exclusion provision Allstate filed a motion for a judgment on the pleadings denying both tort liability to Ruth Ann and a duty to defend on behalf of John Franklin. The trial court granted Allstate's motion.

The Bishops appealed to the Court of Appeals which upheld the validity of the family exclusion provision in the insurance contract, notwithstanding Kentucky's MVRA which requires a motor vehicle owner or operator to procure insurance covering basic reparation benefits (BRB) *and* legal liability arising out of the operation of his motor vehicle. The court reasoned that the family exclusion provision was valid because (1) it did not affect BRB; (2) family exclusion provisions in insurance contracts were upheld by this Court after the abolition of interspousal immunity and the legislature was aware of such permissible limitations when it adopted Kentucky's MVRA in 1974; and (3) the Commissioner of Insurance approved the terms of the contract in question as provided by KRS 304.39–150. We granted discretionary review of the decision of the Court of Appeals which we now reverse.

By enacting the MVRA the legislature established for the first time a system of compulsory insurance for the owners and operators of motor vehicles in Kentucky. *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). The act mandates two types of coverage. It requires that motor vehicle owners and operators provide minimum security covering payment of no-fault BRB

*and* payment of tort liability for personal injuries and property damage. Id. at 772. Therefore, the lack of effect of a family exclusion provision on BRB is irrelevant to the issue of its validity vis à vis tort liability. The language of the MVRA makes them two separate and distinct questions.

The specific language of the MVRA which sets out the nature and minimum security requirements of BRB and tort liability coverage is found primarily in three sections of the act. KRS 304.39–010(1) states without qualification that the policy and one of the purposes of the MVRA is "to require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits *and* legal liability arising out of ownership, operation or use of such motor vehicles." (Emphasis added.) KRS 304.39–080(5) reinforces the policy behind the MVRA by requiring that every motor vehicle owner or operator, with the exception of certain government agencies, provide, either by a contract of insurance or by qualifying as a self-insurer, security for payment of BRB *and* tort liabilities arising from maintenance or use of his motor vehicle. KRS 304.39–110(1) specifies the minimum amounts of coverage that a motor vehicle owner or operator must carry to fulfill these requirements. The minimum coverage for tort liabilities is $10,000 per person, $20,000 per accident for personal injuries and $5,000 for property damage. The minimum coverage for payment of BRB is $10,000. KRS 304.39–020(2).

We recognize that we upheld family exclusion provisions in insurance contracts prior to the enactment of the MVRA. *Allen v. West American Insurance Co.,* Ky., 467 S.W.2d 123 (1971); *Orange v. State Farm Mutual Automobile Ins. Co.,* Ky., 443 S.W.2d 650 (1969); *Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Co.,* Ky., 334 S.W.2d 261 (1960). However, when the legislature stated the policy behind the MVRA and set forth its requirements it specified no exclusions from minimum coverage.

The Uniform Motor Vehicles Accident Reparations Act, on which Kentucky's MVRA is closely modeled, includes sections 12, 14 and 15 which provide that BRB may be subject to certain exclusions. Our legislature did not include these sections in the MVRA, although it adopted a provision for optional additional reparation benefits which could be subject to exclusions, KRS 304.39–140. Omitting sections 12, 14 and 15 of the Uniform Act clearly indicates that our lawmakers intended that BRB minimum coverage be untouchable. *Couty v. Ky. Farm Bureau Mutual Insurance Co.,* Ky., 608 S.W.2d 370 (1980). Neither the drafters of the Uniform Act nor the writers of Kentucky's MVRA included sections permitting exclusions to the minimum required tort liability coverage. The effect of these omissions is similarly clear. Neither intended that the minimum tort liability coverage be diluted or eliminated by exclusions.

An exclusionary clause in an insurance contract which reduces below minimum or eliminates either of these coverages effectively renders a driver uninsured to the extent of the reduction or elimination. Because the stated purpose of the MVRA is to assure that a driver be insured to a minimum level, such an exclusion provision contravenes the purpose and policy of the compulsory insurance act. *State Farm Mutual Automobile Insurance Co. v. Sivey,* 404 Mich. 51, 272 N.W.2d 555 (1978). Consequently, family or household exclusionary clauses in insurance contracts that dilute or eliminate the minimum requirements of BRB *or* tort liability coverage are void and unenforceable. *Allstate Insurance Co. v. DeFrain,* 81 Mich.App. 503, 265 N.W.2d 392 (1978).

As we said in *Fann v. McGuffey,* supra at 779,

"It is elementary that the legislative branch of government has the prerogative of declaring public policy and that the mere wisdom of its choice in that respect is not subject to the judgment of a court."

The cases which uphold the validity of family exclusion provisions are overruled to the

extent that they dilute or eliminate the *minimum* coverage requirements of the MVRA.

The Commissioner of Insurance approved the terms of the insurance policy, including the family exclusion provision, which John Franklin carried with Allstate. Although KRS 304.39–150 provides that policy terms are subject to the Commissioner's approval and regulation, it also prohibits him from approving terms and conditions inconsistent with the purposes of the MVRA. Because a family exclusion provision eliminating minimum tort liability coverage violates one of the stated purposes of the act, compulsory insurance, the argument that the provision is valid because approved by the Commissioner falls flat.

The decision of the Court of Appeals and the judgment of the Bullitt Circuit Court are reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.

All concur.