**Mary H. STASER, Individually and as Administratix of the Estate of Jessica Rachael Staser and Melissa Ann Staser, by Her Next Friend, Mary H. Staser, Appellants,**

v.

**William L. FULTON, III, Administrator of the Estate of Robert Michael Staser and State Farm Fire and Casualty Company, Appellees.**

Court of Appeals of Kentucky.

Nov. 16, 1984.

Discretionary Review Denied Feb. 21, 1985.

John S. Hoffman, Sheffer, Hoffman, Neel & Wilson, Henderson, for appellants.

Lee E. Sitlinger, Jr., Bennett, Bowman, Triplett & Vittitow, Louisville, John L. Dorsey, Jr., Henderson, for State Farm Fire & Cas. Co.

Before HOWARD, LESTER and WHITE, JJ.

HOWARD, Judge.

This is an appeal from a declaratory judgment of the Henderson Circuit Court in which it was declared that the Kentucky Motor Vehicle Reparations Act (KMVRA), KRS 304.39-010 et seq., does not preclude application of the household exclusion provision in automobile insurance policies written in excess of the minimum for statutory tort liability insurance limits contained in KRS 304.39-110(1).

This case arises out of a motor vehicle accident that occurred on August 8, 1981, at or near the intersection of U.S. Highway 41 south of Anthoston, Henderson County, Kentucky, involving a motor vehicle operated by Robert Staser and in which his wife, Mary H. Staser, and his daughters, Melissa Ann Staser and Jessica Rachael Staser, were riding as passengers.

Appellants, Mary H. Staser, Melissa Ann Staser, by her next friend, and the estate of Jessica Rachael Staser, brought an action for damages against the estate of Robert Staser for alleged negligence in the operation of his motor vehicle in said accident.

At the time of the accident, Appellee State Farm Fire and Casualty Company (hereinafter State Farm) had in full force and effect a policy of automobile insurance issued to Robert M. Staser insuring the 1973 Dart automobile which he was driving at the time of the accident.

The policy of automobile insurance contains the following exclusionary language commonly referred to as the "household exclusion:" "There is no coverage ... for

any bodily injury to … any insured or any member of an insured's family residing in the insured's household."

By stipulation of the parties hereto, it was established that at the time of said automobile accident, Mary H. Staser, Jessica Rachael Staser and Melissa Ann Staser, were members of the named insured Robert Staser's family and resided within his household.

A justiciable issue arose between the parties as to the amount of available liability coverage under said policy of automobile insurance in view of the Kentucky Supreme Court's opinion rendered in *Bishop v. Allstate Insurance Company*, Ky., 623 S.W.2d 865 (1981).

It was the position of appellee, State Farm, that the maximum liability coverage available under the KMVRA and its aforementioned policy of insurance for the claims is $10,000.00 for all damages arising out of bodily injuries sustained by any one person and $20,000.00 for all damages arising out of bodily injuries sustained in said accident. These amounts were the minimum limits set forth for tort liability insurance of car owners pursuant to the KMVRA.

Appellants contended that since the State Farm policy allowed $50,000.00 for all damages arising out of bodily injuries sustained by any one person and $100,000.00 for all damages arising out of bodily injuries sustained in an accident, and since *Bishop* voided the household exclusion clause, the full policy limit could be reached.

The Henderson Circuit Court declared that the KMVRA did not preclude application of a household exclusion provision in auto insurance policies to the excess of the statutory liability limits of KRS 304.39–110(1). This appeal now arises. We affirm.

*Bishop* stood for the proposition that family or household exclusionary clauses in insurance contracts that dilute or eliminate the minimum requirements of basic reparation benefits or tort liability coverage of the KMVRA were void and unenforceable.

Appellants would have us interpret this holding to, in effect, read out the household exclusion entirely from the policy and free them to pursue the maximum limits of the tort liability in the policy. We do not believe that *Bishop* went this far.

The Court in *Bishop*, after recognizing the past cases which upheld family exclusion provision in insurance contracts prior to the enactment of the MVRA, stated:

> The cases which uphold the validity of family exclusion provision are overruled to the extent that they dilute or eliminate the *minimum* coverage requirements of the MVRA. [Emphasis in original].

We interpret this statement to allow the insurer and insured the freedom to limit coverage in excess of the minimum required limits. This also would serve to effectuate the purpose of the no-fault act by balancing the necessity of obtaining the minimum liability coverage against the ability to obtain lower premiums because of the exclusion of high insurance risks.

We find that the household exclusion clause of State Farm is void only so far as it eliminates the minimum security for tort liability required by the KMVRA, but is otherwise valid in that liability is limited to the statutory minimum rather than the larger limits provided in the policy.

The judgment is therefore affirmed.

All concur.