George Lewis MOSLEY, Sharon L. Keister and Floyd E. Keister, Appellants,

v.

WEST AMERICAN INSURANCE COMPANY, Appellee.

No. 86–CA–2087–MR.

Court of Appeals of Kentucky.

Nov. 13, 1987.

Discretionary Review Denied by Supreme Court Feb. 23, 1988.

John C. Morton, Sheffer, Hoffman, Neel, Wilson & Thomason, Henderson, for appellants Sharon and Floyd Keister.

Thomas E. Simpson, Wesley, Simpson & Hooks, Morganfield, for George Lewis Mosley.

Stephen B. Lee, McCarroll, Nunley & Hartz, Owensboro, for appellee.

Before HOWERTON, C.J., and MILLER and REYNOLDS, JJ.

HOWERTON, Chief Judge.

Mosley and the Keisters appeal from a decision of the Union Circuit Court which granted a summary judgment in favor of West American Insurance Company (West). West had voluntarily paid the basic reparations benefits, but the circuit court held that Mosley, West's insured, was not covered by tort liability insurance. The basis for this decision was that the incident wherein Mosley injured the Keisters did not constitute an "accident" under the terms of the insurance policy. We determine that up to the minimum limits for tort liability, as set out in KRS 304.39–110, it does not matter whether the injury caused by the operation of a motor vehicle was intentional or accidental and that the insurance company may not exclude intentional injuries for the minimum tort liability limits. We therefore reverse the judgment of the Union Circuit Court and remand the case for further proceedings.

On July 22, 1984, a vehicle occupied by Sharon L. and Floyd E. Keister was struck by a vehicle driven by George Lewis Mosley. The Keisters filed an action against Mosley for damages incurred as a result of the incident. West began defending Mosley in the original action, but the company subsequently filed this action against Mosley requesting the court to declare that coverage was not due because of the intentional acts of Mosley in causing the collision. The court granted the Keisters leave to intervene in this action.

All parties filed motions for summary judgment. The trial court stated that because Mosley admitted that he intentionally caused his vehicle to strike that of the Keisters, the incident did not constitute an "accident" within the provisions of the policy. The court then granted summary judgment in favor of West in relieving it of all liability.

Mosley and the Keisters argue that under *Bishop v. Allstate Insurance Co.*, Ky., 623 S.W.2d 865 (1981), an insurance carrier may not eliminate the minimum security coverage for tort liability as required by Kentucky's Motor Vehicle Reparations Act (MVRA). We agree. KRS 304.39–010 states that the policy and purpose of the MVRA is: "(1) To require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles...." In *Bishop*, the trial court relieved the insurance carrier of liability for an accident based upon a family exclusion provision. The Supreme Court disagreed and wrote:

> We recognize that we upheld family exclusion provisions in insurance contracts prior to the enactment of the MVRA. [Citations omitted.] However, when the legislature stated the policy behind the MVRA and set forth its requirements *it specified no exclusions from minimum coverage.*
>
> ... *Neither* the drafters of the Uniform Act nor the writers of Kentucky's MVRA *included sections permitting exclusions to the minimum required tort liability coverage.* The effect of these omissions is similarly clear. *Neither intended that the minimum tort liability coverage be diluted or eliminated by exclusions.*
>
> An exclusionary clause in an insurance contract which reduces below minimum or eliminates either of these coverages effectively renders a driver uninsured to the extent of reduction or elimination. Because *the stated purpose of the MVRA is to assure that a driver be insured to a minimum level,* such an exclusion provision contravenes the pur-

pose and policy of the compulsory insurance act. (Emphasis added.)

*Bishop,* at 866.

It seems perfectly clear from the MVRA and the language of *Bishop, supra,* that there may be no exclusions for basic reparation benefits or minimum tort liability. While *Bishop* dealt with a family exclusion, the principle is the same for any exclusion, at least up to the minimum tort liability limits as established in KRS 304.39–110. *See also, Staser v. Fulton,* Ky.App., 684 S.W.2d 306 (1984).

The parties present additional arguments, but we find no necessity for further discussion.

The summary judgment of the Union Circuit Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

All concur.