**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Kristi THOMPSON; and Joseph L. Thompson, Appellees.**

No. 98–SC–0697–DG.

Supreme Court of Kentucky.

Sept. 23, 1999.

Reford H. Coleman, Matthew C. Hess, Coleman, Easton, Lochmiller, & Hall, Elizabethtown, for Appellant.

Elmer J. George, Lebanon, Kevin George, Louisville, for Appellee, Kristi Thompson.

James L. Avritt, Sr., Avritt & Avritt, Lebanon, for Appellee, Joseph L. Thompson.

STUMBO, Justice.

This case presents the question of whether a "family" or "household exclusion" clause in a farmowner's liability insurance policy is void and unenforceable as against public policy and as a violation of our holding in *Lewis v. West Am. Ins. Co.,* Ky., 927 S.W.2d 829 (1996).

The material facts surrounding the instant controversy are undisputed. In August of 1994, Appellee Kristi Thompson was assisting her father, Appellee Joseph L. Thompson, and her brother, Joseph G. Thompson, in the family farming operation by dropping tobacco sticks while riding on a tractor driven by her father. The tractor overturned, and Kristi's left foot and ankle were severely injured. The damages she has sustained exceed $100,000.

Following the accident, Kristi filed a personal injury action against her father and several other defendants, including the manufacturer of the tractor, and the tractor's owners. She has since settled some of those claims, and others remain pending. In her complaint, Kristi alleged, among other things, that her father, Joseph L. Thompson, was negligent in his operation of the tractor and in his failure to provide a safe work environment. At the time of the accident, Kristi's father had in effect a farmowner's policy of insurance with Appellant, Kentucky Farm Bureau Mutual Insurance Company. (hereinafter Farm Bureau). Farm Bureau intervened in the case, and contending its policy did not provide coverage for residents of Thompson's household, filed a petition for declaration of rights.

The policy at issue here contains a "household exclusion" clause which states: "Under Farm and Personal Liability Coverage and Medical Payments to Others Coverage, WE do not cover: ... 10. BODILY INJURY to YOU or any resident of YOUR household except for a RESIDENCE EMPLOYEE." The parties stipulated in an "Agreed Statement of Facts" that at the time of the accident, Kristi was a resident of her father's household, but was not a residence employee as defined by the policy. Farm Bureau argued that because Kristi was a resident of her father's household but was not a residence employee, the clear language of the policy operated to preclude coverage.

Relying on *Lewis v. West Am. Ins. Co.,* Ky., 927 S.W.2d 829 (1996), the trial court held the exclusionary language relied upon by Farm Bureau in support of its petition was invalid and unenforceable. It ordered Farm Bureau to provide coverage for the occurrence at issue, and Farm Bureau appealed. In its opinion affirming, the Court of Appeals relied heavily on this Court's broad mandate in *Lewis* that "family exclusion provisions in liability insurance contracts violate the public policy of this Commonwealth and are unenforceable." *Id.* at 836. Because the express language of our holding in Lewis was not limited to exclusion provisions in motor vehicle liability insurance contracts, the appellate court determined that the exclusion provision in Thompson's farmowner's policy was likewise void as against public policy. For reasons set forth below, we reverse the Court of Appeals.

We must first note what has long been the law in Kentucky: "[T]he establishment of public policy is not within the authority

of the courts.... It is the prerogative of the legislature to declare that acts constitute a violation of public policy." *Commonwealth v. Wilkinson*, Ky., 828 S.W.2d 610, 614 (1992) (citing Ky. Const. § 27). "[C]ourts are interpreters and not makers of the law." *Gathright v. H.M. Byllesby & Co.*, Ky., 154 Ky. 106, 157 S.W. 45, 52 (1913).

This Court has long upheld family exclusion provisions in insurance contracts. *Allen v. West Am. Ins. Co.*, Ky., 467 S.W.2d 123 (1971); *Orange v. State Farm Mut. Auto. Ins. Co.*, Ky., 443 S.W.2d 650 (1969); *Third Nat'l Bank of Ashland v. State Farm Mut. Auto. Ins. Co.*, Ky., 334 S.W.2d 261 (1960). Only after the enactment of the Kentucky Motor Vehicle Reparations Act (MVRA) did we abrogate the family exclusion provision of a liability insurance contract. *Bishop v. Allstate Ins. Co.*, Ky., 623 S.W.2d 865 (1981). We did so not because we suddenly found the existence of such exclusionary provisions to be distasteful, but because we found such provisions to be contrary to the clearly stated purpose and policy of the MVRA—to assure that a driver be insured to a minimum level. *Id.* at 866. Accordingly, we held in *Bishop* that an automobile insurer's household exclusionary clause, which eliminated minimum security coverage for tort liability required by the MVRA, was void and unenforceable as against public policy. This policy was expressly stated by the legislature, and was limited to motor vehicle liability insurance contracts. *See Bishop*, 623 S.W.2d at 866 ("KRS 304.39–010(1) states without qualification that the policy and one of the purposes of the MVRA is 'to require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles.' ").

Our decision in *Lewis v. West Am. Ins. Co.*, Ky., 927 S.W.2d 829, 835–36 (1996), took what we called "the next logical step from *Bishop*," and held that the MVRA precludes the application of a family or household exclusion provision to the extent it attempts to eliminate any coverage in an automobile liability insurance policy, including amounts in excess of the statutory minimums. Although our language in *Lewis* was admittedly broad and seemingly applicable to all liability insurance contracts, our intent was only to hold unenforceable those family exclusion provisions found in *automobile* insurance policies such as the policy at issue in the controversy then before the Court. To the extent that the language of our holding in *Lewis* was overly broad, we now limit the holding of that case to automobile insurance policies only.

As the holding of *Lewis* has no applicability to farmowner's liability insurance policies, we hold that the clear and unambiguous terms of the household exclusion provisions of Thompson's farmowner's policy with Farm Bureau are valid and enforceable. Accordingly, we reverse the decision of the Court of Appeals and remand the case to the Marion Circuit Court for further proceedings consistent with this opinion.

COOPER, GRAVES, JOHNSTONE and KELLER, JJ., concur.

LAMBERT, C.J., dissents by separate opinion, in which WINTERSHEIMER, J., joins.

LAMBERT, Chief Justice, dissenting.

Joseph L. Thompson bought a farm liability insurance policy to protect himself from financial ruin and to protect those he might negligently injure. He duly paid the premiums, but when his adult daughter who lived at home was injured in a farming accident, Farm Bureau told him she was not covered. It seems that on page 29 of a 55–page farm owner's insurance policy, coverage was excluded for family members living in the home of the insured.

There is no greater tradition in Kentucky than that of the family farm. On

that family farm, the whole family—including husbands and wives, children and even grandchildren—works to earn a living. In overwhelming numbers, Kentucky farmers obtain their insurance, including farm liability insurance, from Kentucky Farm Bureau. As the basis for denying Thompson's claim, Farm Bureau here depends on an obscure policy provision excluding from coverage persons precisely within the class of the most frequent farm workers in Kentucky and persons within the class whom the insured clearly intended to protect.

The traditional reason for exclusion of family members in insurance policies was collusion and fraud. This basis for such exclusions was rejected by this Court long ago in *Brown v. Gosser,* Ky., 262 S.W.2d 480 (1953), an opinion by Justice Bert T. Combs. In that opinion, the court refused, on public policy grounds, to prohibit a wife from suing her husband for injuries sustained while riding in an automobile driven by him. The opinion reasoned that courts were not so ineffectual in their ability to detect fraud when it occurred to justify a wholesale exclusion that undermined a central purpose of the insurance policy, stating: "We are not willing to admit that the courts are so ineffectual, nor our jury system so imperfect, that fraudulent claims cannot be detected and disposed of accordingly."

In this case, the majority attempts to distinguish *Lewis v. West American Ins. Co.,* Ky., 927 S.W.2d 829 (1996), on grounds that it involved a policy written pursuant to Kentucky's compulsory liability insurance statute. The majority reasons that as farm liability insurance policies are not compulsory, a different result may obtain here. In my view, this argument is not a valid basis for upholding an exclusion that strikes at the heart of the purpose of the insurance.

Rather than debating whether *Lewis, supra,* is controlling, we should follow *Brown v. Gosser* and hold forthrightly that the exclusion of family members living in the household of the insured is void. An insurance policy exclusion which so significantly defeats the purpose of the insurance should be disregarded as amounting to a failure of consideration or simply as contrary to public policy.

For the reasons stated herein, I dissent.

WINTERSHEIMER, J., joins this dissenting opinion.