Joyce SNOW, Administratrix of the Estate of Jasmine Snow, Deceased; and Arthur Wydell Snow, Appellants,

v.

WEST AMERICAN INSURANCE COMPANY, Appellee.

No. 2003–CA–001062–MR.

Court of Appeals of Kentucky.

July 2, 2004.

Discretionary Review Denied by Supreme Court May 11, 2005.

Carroll M. Redford, III, Michael J. Cox, Michael P. Casey, Lexington, KY, for appellants.

Douglas L. Hoots, Jeffrey A. Taylor, Lexington, KY, for appellee.

Before COMBS, Chief Judge;
TACKETT and VANMETER, Judges.

## OPINION

COMBS, Chief Judge.

The appellants, Arthur and Joyce Snow, appeal from a summary judgment entered in favor of the appellee, West American Insurance Company. They contend that West American owed Arthur a duty to defend and to indemnify him for claims made by Joyce in her capacity as the administratrix of the estate of their daughter, Jasmine Snow. After reviewing the record, we find no error in the judgment of the Fayette Circuit Court finding that West American had no liability as a result of the automobile accident underlying this litigation. Thus, we affirm.

The facts pertinent to this matter are not in dispute. On September 14, 2001, Jasmine was a passenger in a vehicle owned and operated by her father, Arthur. Arthur had recently purchased the vehicle but had not yet obtained liability coverage for it. He collided with another driver. Tragically, nine-year-old Jasmine died as a result of injuries she sustained in the accident. Joyce filed a lawsuit against both Arthur and the driver of the other vehicle, Glenn Wainscott.

At the time of the accident, Arthur, Joyce, and Jasmine were living with Arthur's father, George Snow. Prior to the accident, George had obtained liability insurance coverage for his two automobiles from West American. After the accident, Joyce made demand on West American for $100,000—George's policy's limits—for her daughter's injuries and wrongful death. West American denied coverage. It cited a policy exclusion for injuries arising from the use of unscheduled vehicles owned or available for the regular use of a family member. West American then filed a complaint seeking a declaration of rights to support its denial of liability coverage.

The appellants filed a motion for summary judgment, contending that since the exclusion relied upon by West American was ambiguous, it should be construed more strictly against the insurer. They also argued that the exclusion was analogous to the family or household exclusion that was struck down in *Bishop v. Allstate Insurance Company*, Ky., 623 S.W.2d 865 (1981), and *Lewis v. West American Insurance Company*, Ky., 927 S.W.2d 829 (1996).

In its judgment entered on May 7, 2003, the trial court determined that the exclusion was valid and enforceable and that George's policy with West American provided no liability coverage for the accident. This appeal followed.

We review an order granting summary judgment *de novo* without deference to the decision of the trial court. *Lewis v. B & R Corporation*, Ky.App., 56 S.W.3d 432, 436 (2001).

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.

*Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996).

In their appeal, the appellants cite as error the ruling of the trial court that the "owned or regular use" exclusion bars coverage for Joyce's claims. They argue that the exclusion is ambiguous and contrary to the public policy expressed in *Bishop* and *Lewis, supra.* West American contends that the policy exclusion is not ambiguous and that the household exclusion invalidated by the Kentucky Supreme Court is not implicated in this matter.

The provisions of the policy pertinent to this appeal are as following:

## PART A—LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident....

B. "insured" as used in this Part means.

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

2. Any person using "your covered auto."

3. For "your covered auto," any person or organization but only with respect to legal responsibility for acts or omissions or a person for whom coverage is afforded under this Part.

4. For any auto or "trailer," other than "your covered auto," any person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer."

## EXCLUSIONS

A. We do not provide Liability coverage for the ownership, maintenance or use of: ...

3. Any vehicle, other than "your covered auto," which is:

a. Owned by any "family member," or

b. Furnished or available for the regular use of any "family member."

However, this Exclusion (B.3.) does not apply to you [the named insured or the spouse of the named insured] while you are maintaining or "occupying" any vehicle which is:

a. Owned by a "family member;" or

b. Furnished or available for the regular use of a "family member."

The insuring agreement provides liability coverage for all members of George Snow's household, including his son, Arthur, when operating George's two covered automobiles or any other "non-owned" vehicle. There is no dispute that the vehicle Arthur which was driving at the time of the fatal collision was owned exclusively by him. Arthur's vehicle was not one of the two covered vehicles scheduled under the West American policy. Therefore, if valid, the exclusion precludes liability coverage for the accident.

■ The appellants argue that an ambiguity exists because the exclusion "purports to take something away, but then appears to give it back." (Appellants' brief, p. 7.) However, that argument overlooks the policy's definition of "you" as meaning exclusively the named insured; that is, George Snow and his spouse. Contrary to the appellants' contention, the exclusion does not take away coverage for

unscheduled vehicles owned by family members while giving it back in the next paragraph. Instead, it takes away coverage for unscheduled vehicles from *all* insureds under the policy and then gives it back to a limited class of insureds—specifically, the named insured and his spouse.

■ While we agree that the exclusion could have been written more perfectly, it is not so inartfully drafted as to become ambiguous. "Only actual ambiguities, not fanciful ones," are required to be construed against the drafter. *True v. Raines,* Ky., 99 S.W.3d 439, 443 (2003). We conclude that the exclusion cannot be interpreted as the appellants suggest. *See, St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward Inc.,* Ky., 870 S.W.2d 223, 227 (1994). Thus, the trial court did not err in failing to find any ambiguity in the exclusion.

■ Next, relying on *Lewis* and *Bishop, supra,* Arthur and Joyce contend that the exclusion at issue violates public policy and the Kentucky Motor Vehicle Reparations Act (MVRA). However, unlike either of those cases (where the issue wholly centered on the status of a family member as the injured claimant), there was no liability coverage in this case because the vehicle was *uninsured*—not because the victim was or was not a family member. Even if a total stranger had been injured by Arthur's operation of his own vehicle, the exclusion would still apply because he failed to obtain insurance for his vehicle.

The appellants also argue that the "owned but not scheduled for coverage" exclusion is invalid because "it explicitly hinges an exclusion of liability coverage upon ownership or regular use of a non-covered vehicle by a 'family member'." (Appellants' brief, p. 11.) However, that contention would allow an insured to obtain insurance and to pay premiums for one vehicle while exposing the insurer to liability for injuries arising from the use of multiple vehicles owned by other family members for which coverage had not been obtained. Extending coverage in this case would provide benefits which were neither paid for nor reasonably contemplated by the named insured or the members of his family.

■ Reasonable conditions, restrictions, and limitations on insurance coverage are not deemed *per se* to be contrary to public policy. *Jones v. Bituminous Casualty Corporation,* Ky., 821 S.W.2d 798, 802 (1991). We cannot construe either *Bishop* or *Lewis* as requiring that West American provide coverage for this tragic accident. Appellants also cite *Chaffin v. Kentucky Farm Bureau Insurance Companies,* Ky., 789 S.W.2d 754 (1990), which held unenforceable an antistacking provision related to uninsured motorist benefits that was person-oriented rather than vehicle-related. We do not find it relevant in this case due to the failure of Arthur to obtain coverage for his vehicle.

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.