## WOLFORD v. SCOTT NICKELS BUS CO.

Court of Appeals of Kentucky.
May 1, 1953.

Francis M. Burke, Pikeville, for appellant.

J. P. Hobson, Jr., and Henry J. Scott, Pikeville, J. Brooks Lawson, Williamson, W. Va., for appellee.

DUNCAN, Justice.

Appellee, Scott Nickels Bus Company, recovered judgment against Robert Wolford and Omer Wolford for $2,600, representing damages to its bus sustained in a collision with a truck owned by Robert Wolford and driven by Omer Wolford. The appeal is by Robert Wolford alone,

who insists that he was entitled to a peremptory instruction because there was no evidence establishing the fact that Omer Wolford was either his agent or servant at the time of the collision.

Omer Wolford, who seems to have neither a permanent residence or employment, is a brother of Robert Wolford. Although usually residing elsewhere, Omer had been residing in the home of his mother, which was near Robert's home, for approximately a week before the accident. On the day of the collision, Omer, accompanied by his son Bronson Wolford, went to Robert's home, procured the truck and took it to Williamson, West Virginia, where it was placed in the garage of Mingo Motor Company for repairs. While the repairs were being made, Omer apparently spent a good part of his time drinking beer, which he says was recommended by his doctor. About 5 o'clock in the afternoon, he got the truck out of the garage and started the return trip to the home of his mother. During the course of his return, the accident in question occurred.

Robert states emphatically that he did not direct Omer to take the truck to Williamson on this occasion nor did he consent for him to do so. He states that the truck had been left at his home the night before, apparently with the keys in it; that he went to work the next morning about 6:30, leaving the truck at his home, and that he had no knowledge that the truck had been taken until he returned that evening. Upon learning that Omer had taken it, he immediately began searching and finally found the truck at the place of the collision in a wrecked condition. He states that a day or so before the accident he was discussing with Omer a mechanical defect in the truck, at which time Omer stated he would take it to Williamson and have it repaired. Robert states that he told Omer he did not want it taken to Williamson because he had all of his work done at another garage located nearer his home.

Omer admits that he took the truck without either the knowledge or consent of his brother. He admits that when he arrived at Robert's home for the purpose of getting the truck he did not see Robert at or about his home.

Liability for damages arising from the operation of a motor vehicle must rest on something more than mere ownership. Where the vehicle is operated by a person other than the owner, the relationship of master and servant or principal and agent is necessary to establish liability on the owner. Brady v. B. & B. Ice Co., 242 Ky. 138, 45 S.W.2d 1051; Corbin Fruit Co. v. Decker, 252 Ky. 766, 68 S.W.2d 434; Horne v. Hall, Ky., 246 S.W.2d 441.

There is no basic or fundamental distinction to be drawn between the liability of a master for the tortious act of his servant and a principal for the tortious act of his agent. In both cases, the liability is grounded upon the maxim of respondeat superior. A distinction based upon the difference in control has been suggested, but it has not been maintained by modern authority, which has taken agents and servants to be in coextensive categories as far as the question of their control by the employer is concerned. In each case, the relationship must exist at the time and in respect to the thing causing the injury and at a time while the agent or servant is acting within the scope of his agency or employment.

Where the facts are in dispute and the evidence is contradictory or conflicting, the question of agency, like other questions of fact, is to be determined by a jury. However, where the facts are undisputed, the question becomes one of law for the court. Horne v. Hall, supra. Inasmuch as there is no contradiction of the testimony of appellant, we must accept his statement that his truck was being operated on the occasion of the collision without his knowledge or consent. Obviously, the relationship of master and servant or principal and agent did not exist between the owner and operator of the vehicle.

The evidence discloses that the repairs to appellant's truck on the day of and before the collision were made by Mingo Motor Company, of Williamson, amounting to $36.46. Appellant paid for the repairs

some three or four months after the collision. Appellee insists that even if Omer Wolford was without authority to take the truck to Williamson on the day of the collision his unauthorized act was ratified by payment for the repairs.

■ It is generally true that any act which may be authorized in the first instance may be ratified by the principal, in which event the principal becomes bound by the ratification. However, there are certain requisites of ratification which we do not think are present here. In order that the ratification may be effective, there must be an intention to ratify, although the intention may be inferred from the facts and circumstances. As a consequence, ratification cannot be inferred from acts which may be readily explained without involving any intent to ratify. Am.Jur., Vol. 2, page 176, section 221, Agency.

■ In this case, appellant explains his payment for the repairs by stating that he did not want to have any trouble with the garage over the account. The amount involved is hardly sufficient to justify the trouble and expense which would have been incurred in contesting a claim asserted by the garage for the repairs. Other reasonable explanations for the payment of the account might also be suggested which are entirely consistent with the theory of nonratification of the unauthorized act of Omer in taking the truck to the garage.

■ Another reason which we think compels our conclusion that there was no ratification in this case, is the rule that in ratification by the principal of a tort of the agent it is essential that the ratification be explicit. 2 C.J.S., Agency § 37(d) page 1076.

We do not think the payment of the garage bill incurred on the unauthorized trip which resulted in this collision amounted to a ratification by appellant. From what we have said, it follows that the court should have directed a verdict for Robert Wolford.

The judgment is reversed for proceedings consistent with this opinion.