**SEABOARD FIRE & MARINE INSUR-
ANCE CO., Appellant,**

v.

**Joseph DeMARSH, Administrator of Es-
tate of Rita DeMarsh, Deceased,
et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

John K. Gordinier, Curtis & Rose, Louisville, for appellant.

Stuart Yussman, Hanish, Levin & Yussman, Oscar G. Stoll, Joseph R. Wilson, Richard I. McIntosh, Louisville, for appellees.

OSBORNE, Chief Justice.

This action presents a question of whether the driver of an automobile was covered under the Omnibus Clause of an automobile liability insurance policy. The driver was what is commonly referred to as a second permittee. The facts out of which the legal question arises are as follows:

Marvin A. Chaudoin of Louisville, Kentucky was the owner of the automobile in question. He had insurance with Seaboard Fire and Marine Insurance Company. The policy contained the Standard Omnibus Provisions providing coverage for any person driving the automobile with the named insured's permission.

Marvin A. Chaudoin had a son, Terry, who at the time of the collision was 19 years of age. Terry was a soldier stationed at Fort Knox, Kentucky, which is near Louisville. The proof shows that Terry often visited home and while there drove his father's automobile. Terry was unmarried and had established no home other than that of his father. He listed his father's home as his permanent address upon entry into the army. It was testified that normally on weekends and when he

had leave from the army he would come home and borrow his father's automobile.

On the occasion in question, about 3 o'clock in the afternoon, he borrowed his father's automobile for the purpose of driving around with his girlfriend. After driving around he returned to his father's home where he was to meet another soldier and ride back to Fort Knox. The other soldier did not come and Terry called his friend, Michael Jackson, and made arrangements for Michael Jackson to transport him to Fort Knox, in his father's automobile, that evening in order to avoid being absent without leave. Jackson agreed to do this and drove Terry to Fort Knox. Riding along as a passenger on the trip was Rita DeMarsh. On the return trip from Fort Knox there occurred an accident which brought about this litigation.

Joseph DeMarsh, as Administrator of the Estate of Rita DeMarsh, brought the action for wrongful death against Michael Jackson and Marvin Chaudoin. The appellant, Seaboard Fire and Marine Insurance Company, has agreed to pay the estate of Rita DeMarsh its policy limits under its coverage in the event there is coverage. However, it is contended by the company that coverage does not exist because Michael Jackson was operating the automobile without the permission and consent of Marvin A. Chaudoin and, therefore, under the Omnibus Clause of the policy there is no coverage.

■ Our examination of the record convinces us that even though Michael Jackson at the time of the collision was what is commonly referred to as a second permittee, he was nevertheless covered under the Omnibus Clause. The testimony of the insured, Marvin Chaudoin indicates that he freely gave permission to his son to use his automobile for any necessary purpose and also for pleasure. He testified that on this occasion he "told him not to be out too late and well, every time he had it he always told him to be real careful and not let anyone drive". He testified positively that he

could not remember if he had told his son not to let any other person drive the automobile on this occasion. Under the facts presented here we can not conceive that the father would have refused permission for his son to use the automobile in order not to be absent without leave.

■ In Third National Bank v. State Farm Mutual Insurance Co., Ky., 334 S.W.2d 261 (1960), we held that where the named insured left his automobile with his father for the general use of the latter and his two brothers while he was absent in the military service and one of the brothers allowed another person (a second permittee) to take the car to go to a restaurant for supper, that the automobile was then being driven within the coverage under the Omnibus Clause. It is generally held that a second permittee driving the automobile for the benefit or advantage of the first permittee is afforded the protection of the Omnibus Clause under the theory that the automobile is being operated within implied permission of the named insured. We believe this is a sound principle, see 4 A.L.R.3d 119, Omnibus Clause-Consent, also Aetna Life Insurance Co. v. Chandler, 89 N.H. 95, 193 A. 233 (1937).

The judgment of the trial court is affirmed in holding that Michael Jackson was operating the automobile owned by Marvin A. Chaudoin with the implied permission of the owner, thereby bringing the operation of the vehicle within the terms of appellant's policy.

■ There is a cross appeal in this case from an order sustaining a motion of Marvin A. Chaudoin for summary judgment on the grounds that the driver of the automobile was not his agent at the time of the accident. We are of the opinion that that order was correct and the motion for summary judgment was properly sustained. The action of the trial court in dismissing the complaints of Joseph DeMarsh, Administrator of the Estate of Rita DeMarsh and also the intervening complaint of the

Bryants as against the defendant, Marvin A. Chaudoin was proper, therefore the action of the trial court is affirmed upon the direct appeal and affirmed on the cross appeal.

All concur.