Jacob A. BROSH, Plaintiff-Appellant,

v.

GRANGE MUTUAL CASUALTY CO., Defendant-Appellee.

No. 74–1557.

United States Court of Appeals, Sixth Circuit.

Feb. 17, 1975.

Buford Short, Rose & Short, Beatty-ville, Richard D. Cooper, Cooper, Gullett, Combs & Combs, Hazard, for plaintiff-appellant.

Spencer Noe, Stoll, Keenon & Park, Lexington, for defendant-appellee.

Before PHILLIPS, Chief Judge, ED-WARDS, Circuit Judge, and McALLIS-TER, Senior Circuit Judge.

PER CURIAM.

Wayne and Bascom Patrick operated a used-car dealership in Stanton, Kentucky, under the name of Patrick Brothers Used Cars. One of its cars was insured under the liability insurance policy issued by Grange Mutual Casualty Company, which had liability limits of $50,-

000 per person, and $100,000 per any one accident.

On March 13, 1968, Cecil P. Tyler, while en route from Virginia to Indiana in a borrowed automobile, encountered car trouble on the Mountain Parkway some distance from Stanton, Kentucky. Mr. Tyler proceeded to Stanton and contacted Mr. Wayne Patrick, one of the partners above mentioned. Mr. Tyler wanted to obtain assistance from Patrick Brothers in getting the disabled car repaired, and securing his clothing and equipment therefrom. Because Wayne Patrick had to attend a sale that day and could not personally drive Mr. Tyler to the car, he loaned him a car from his Used Car lot for that purpose. When Mr. Patrick returned from the sale that day, he noticed that the car he had loaned to Tyler was parked in front of a restaurant owned by the Patrick brothers, and across from the Patrick Used Car lot. Assuming that Tyler had returned the car, Mr. Patrick went home. Shortly thereafter, Mr. Patrick received a telephone call from Tyler, who said he was taking the car which he had borrowed from Mr. Patrick, to Indiana. Mr. Patrick specifically denied Tyler permission to take the car to Indiana and proceeded immediately to the restaurant to reclaim custody of the car. Arriving at the restaurant, Mr. Patrick learned that Tyler had left, taking the Patrick automobile with him, and Mr. Patrick then called Ernest Crabtree, then Sheriff of the County, and informed him that Tyler had taken the automobile without authority or permission, and sought the assistance of the Sheriff to recover and return the wrongfully appropriated vehicle. The Sheriff was unsuccessful in this quest.

Thereafter, Tyler was involved in an automobile accident in Racine County, Wisconsin, which resulted in injuries to Jacob A. Brosh, plaintiff-appellant herein. Mr. Brosh notified Grange Mutual of the accident and sought settlement for his injuries. After thorough investigation of the claim, Grange Mutual denied coverage under the policy on the ground that Tyler was not operating the car with the permission of the named insured, supported by the stolen-car report filed by Mr. Patrick.

Mr. Brosh then filed suit against Tyler in the United States District Court for the Eastern District of Kentucky. Neither the owners of the automobile, Wayne and Bascom Patrick, partners doing business as Patrick Brothers Used Cars, nor their insurer, Grange Mutual, was named a party defendant therein. The Complaint alleged that the vehicle owned by Patrick Brothers Used Cars was operated in such a negligent and careless manner as to cause said vehicle to run into and over plaintiff, Jacob A. Brosh.

The Complaint alleged further that at the time of the accident, the vehicle was being operated with the permission and consent of the owner thereof, Patrick Brothers Used Cars. Tyler, the wrongful absconder of the vehicle, presented no defense to the action; and, on motion of the plaintiff, Jacob A. Brosh, default judgment was rendered and a trial held to determine the damages he had suffered. The jury returned a verdict in favor of Brosh on default judgment, and judgment was entered thereon.

At no time during the course of the above litigation did Grange Mutual undertake, furnish, or control the defense of Tyler, nor otherwise advise him in any way relative to the conduct of such defense. Judgment was solely entered in the above suit against Tyler for his negligent operation of the Patrick vehicle.

When Brosh was unable to collect from Tyler, he made demand on Grange Mutual for satisfaction of the judgment up to the policy limits.

Grange Mutual refused the demand on the ground that Tyler was not an insured under the policy, and the claim was not otherwise within the coverage afforded by its policy issued to Patrick Brothers Used Cars. The instant lawsuit was then brought by Brosh to recover under the aforesaid policy. The policy provided:

"IV. PERSONS INSURED.

Each of the following is an insured under this insurance to the extent set forth below:

(1) . . .

(2) . . .

(3) with respect to the automobile hazard:

(a) Any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . .. . ″

The permission which Mr. Patrick gave Tyler was a strictly limited permission to obtain assistance in having Tyler's car repaired in Stanton, Kentucky, and securing Tyler's clothing and personal effects, and removing a damaged tire. At no time did Patrick give Tyler more than this strictly limited permission to use the used car owned by the Patricks. When Mr. Patrick learned that Tyler was violating all these limited agreements and, contrary to Mr. Patrick's express command, was driving the Patrick car out of the state into Indiana, Mr. Patrick did everything possible to prevent it, to the extent of enlisting the Sheriff's help in preventing this unlawful use of the car. When Tyler, contrary to this agreement with Mr. Patrick, drove the car to Indiana, Mr. Patrick's limited permission to drive the car to Stanton terminated, and the further unauthorized use of the Patrick car by Tyler was without and beyond the scope of permission to drive the car the short distance in Kentucky, and hence was outside the coverage afforded by the Grange Mutual policy; and the court properly entered findings to this effect.

We have carefully reviewed the arguments of appellant and find them to be without merit. In accordance with the foregoing, the judgment entered in favor of Grange Insurance Company and the dismissal of appellant's complaint by Judge Bernard T. Moynahan, Jr. are hereby affirmed.