Glen Patrick **STUART,** Appellant,

v.

**CAPITAL ENTERPRISE INSURANCE COMPANY and Mark Alan Boggs,** Appellees.

Jimmie A. **WHITE,** Appellant,

v.

**CAPITAL ENTERPRISE INSURANCE COMPANY and Mark Alan Boggs,** Appellees.

Nos. 86–CA–2416–MR, 86–CA–2516–MR.

Court of Appeals of Kentucky.

Nov. 13, 1987.

Discretionary Review Denied by Supreme Court Feb. 23, 1988.

Kent Masterson Brown, Vickie Yates Brown, Lexington, for appellant Glen Patrick Stuart.

John G. Rice, Lexington, for appellant Jimmie A. White.

Gordon W. Moss, Lexington, for appellees.

Before COMBS, COOPER and WILHOIT, JJ.

WILHOIT, Judge.

The issue presented in these appeals is whether the insurer of a motor vehicle driven without the owner's permission is obligated to pay basic reparation benefits to the passengers who have no knowledge the vehicle was converted. The appellants were injured in a one-car accident while riding in a car owned by the appellee Mark Alan Boggs. Sharon Barker, an acquaintance of Mr. Boggs, had driven Boggs's car despite his denial of permission to do so. Barker allowed a friend, who was unlicensed, to drive the car. The friend was driving when the accident occurred. The appellants filed claims with Boggs's insurer, the appellee Capital Enterprise Insurance Company. The appellees subsequently filed a declaratory judgment action seeking an adjudication that they were not liable for damages from the accident.

After the bench trial, the circuit court stated that the appellants acted under the good faith belief that Barker was authorized to use the car. However, the court further stated that the appellants could not have "any greater rights than Sherri Barker had," and that Barker "did not have a good faith belief to use the automobile, so [the appellants] cannot." The final judgment did not incorporate the court's reasoning, but included the finding that the appellants and the other occupants were using Boggs's car without a good faith belief they were entitled to do so. The court adjudged the appellants were not entitled to damages from the appellees, and entered a judgment granting the relief sought in the complaint. At the oral argument of these appeals, all parties agreed that the appellants had no knowledge that Barker took Boggs's car without his permission, and that the circuit court's judgment was based on its statements made at the conclusion of trial.

■ A question of first impression in this jurisdiction is whether a passenger's right to recover basic reparation benefits is dependent on the status of the driver. An examination of pertinent sections of the Motor Vehicle Reparations Act is required. The Act requires owners and operators of motor vehicles in Kentucky to procure compulsory insurance covering basic reparation benefits (BRB) and legal liability arising out of the ownership, operation, or use of a motor vehicle. KRS 304.39–010(1), 304.39–080(5). KRS 304.39–030(1) provides that a person suffering injury from an accident arising out of the use of a motor vehicle is entitled to BRB. "Use of a motor vehicle" is defined in KRS 304.39–020(6) to include occupying the motor vehicle. Thus, implicit in the Act is an assumption that every person injured in an automobile accident is entitled to BRB. The Act contains only three classes of persons who are excluded from receiving BRB: persons who have rejected the limitations on their tort rights, KRS 304.39–030(1); persons who intentionally cause injury to themselves or another person, KRS 304.39–200; and persons who convert a motor vehicle, KRS 304.39–190.

■ A converter is precluded from receiving basic reparation benefits from any source other than his insurance company. KRS 304.39–190 defines a converter as a person who uses a motor vehicle without a "good faith belief that he is entitled to do so." A driver and a passenger both "use a motor vehicle," but nothing in the statute ties a passenger's good faith belief that he is entitled to use the vehicle to that of the driver. It was in the legislature's prerogative to preclude recovery to those occupying a vehicle without the express or implied consent of the owner. *See, e.g.,* N.D.Cent. Code § 26.1–41–07(1) (1987). However, Kentucky's statute does not make a passenger's right to BRB dependent upon the status of driver.

As the circuit court stated at the conclusion of trial, no evidence was introduced that the appellants knew Barker was denied permission to use Boggs's car. To deny the appellants BRB because Barker converted the car, when they had no knowledge of the conversion, would certainly frustrate at least one purpose of the Act which is to "provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident." KRS 304.39–010(2).

The appellants also request an award of attorney's fees and 18% interest on overdue payments. KRS 304.39–220(1), 304.39–210(2). This issue is not properly before us because the circuit court did not consider it.

The judgment of the circuit court is reversed and this matter is remanded to the circuit court for proceedings consistent with this opinion.

All concur.