PREFERRED RISK MUTUAL
INSURANCE COMPANY,
Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, Appellee.

No. 93–SC–223–DG.

Supreme Court of Kentucky.

March 24, 1994.

Bernard Leachman, Jr., Louisville, for appellant.

Reford H. Coleman, Michael L. Stevens, Reford H. Coleman & Associates, Elizabethtown, for appellee.

SPAIN, Justice.

The Hardin Circuit Court, in a Summary Declaratory Judgment entered on July 18, 1991, held that an automobile liability insurance policy issued by appellee, Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau), to its insured, Linda Sharon, did afford minimum limits liability coverage notwithstanding the fact that the collision in question was intentionally caused by one operating the insured vehicle without permission. The Court of Appeals reversed, holding that there was no mandatory coverage under the circumstances. We granted discretionary review and affirm the Court of Appeals.

Farm Bureau's insured, Linda Sharon, was the registered owner of a pickup truck which she bought as a graduation gift for her daughter, Lindsey Sharon. On March 6, 1990, while Lindsey had the use of the vehicle, she and her boyfriend, John Spegal, with whom she was breaking up, had a quarrel. Bruce Miracle, another friend of Lindsey, also was driving his car on this occasion, with Michael Decker and Pat Decker as guest passengers. At one point, Spegal, in a fit of anger, grabbed the keys to the pickup from Lindsey and refused to give them back. She then got into Miracle's car, so she could be driven to her house. Spegal proceeded to back the Sharon pickup truck into the front

end of the Miracle vehicle, in what was described as "a vindictive outburst."

Both Miracle and Michael Decker claimed to have been injured in the collision, and were paid basic reparation benefits (BRB) by Miracle's insurer, Preferred Risk Mutual Insurance Company (Preferred Risk). In addition, Miracle's mother brought a tort action as his next friend against Spegal and Linda Sharon. Preferred Risk intervened in the suit as a plaintiff and joined Farm Bureau as intervening defendant, claiming subrogation of the BRB benefits paid and payable to Miracle and Michael Decker. Furthermore, Preferred Risk included a claim for declaratory relief, requesting the Court to declare whether Farm Bureau's policy with Linda Sharon afforded liability coverage for the collision resulting from Spegal's operation of the Sharon vehicle.

Following the taking of depositions, Preferred Risk moved for summary judgment as to the claim for declaratory relief. After briefing by Preferred Risk and Farm Bureau, the trial court took the matter under submission and later rendered the Summary Declaratory Judgment mentioned above, declaring Farm Bureau's minimum liability coverage to have been in force. Farm Bureau appealed to the Court of Appeals, which reversed the trial court.

■ The first argument raised by Preferred Risk before the Court of Appeals, and again in this Court, is that the Summary Declaratory Judgment was merely interlocutory, rather than being final and appealable as recited by the trial court. It is contended that the judgment wasn't final since Preferred Risk sought not only declaratory relief, but also specific monetary damages from Farm Bureau by way of reimbursement for BRB amounts paid by it to Miracle and Michael Decker. It is true that the mere recitation of the "final and appealable" provision of CR 54.02 is not determinative of the matter. Nevertheless, under KRS 418.040, if an actual controversy exists,

> . . . the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, *whether or not consequential*

> *relief is or could be asked.* (Emphasis added.)

■ Here, it was Preferred Risk who asked for an adjudication of its rights as against Farm Bureau, in addition to a further request, should coverage exist, for specific monetary damages by way of reimbursement for BRB amounts paid. The trial court, having made the requested declaration of rights, was certainly empowered to denominate this portion of its adjudication as final and appealable, notwithstanding the possible necessity of further proceedings between these parties to assess damages, or of further proceedings between the remaining parties to the litigation. The wisdom of such action by the trial court is further vindicated by our decision on the merits. Since we have finally determined that there is no liability by Farm Bureau to Preferred Risk on the intervening complaint, there is no need for any further time-consuming proceedings between these parties for proof of damages.

■ The remaining contention by Preferred Risk is that the Court of Appeals erred in reversing the trial court's holding that Farm Bureau's liability policy was mandated by the Motor Vehicle Reparations Act (MVRA) to provide minimum limits liability coverage, notwithstanding any exclusions for intentional wrongs or nonpermissive use. We agree with the Court of Appeals that the MVRA does not so mandate. KRS 304.39–080(5) provides:

> [E]very owner of a motor vehicle registered in this Commonwealth or operated in this Commonwealth *by him or with his permission*, shall continuously provide with respect to the motor vehicle while it is either present or registered in this Commonwealth, and any other person may provide with respect to any motor vehicle, by contract of insurance or by qualifying as a self-insurer, security for the payment of basic reparation benefits in accordance with this sub-title and security for payment of tort liabilities, arising from maintenance or use of a motor vehicle (emphasis added).

It appears clear from this language that there is no duty on a vehicle owner to provide minimum tort liability insurance or secu-

rity for use by an operator who does not have the owner's permission or who converts the vehicle to his own use. Such a policy was the law in this Commonwealth before the MVRA (effective July 1, 1975) and continues to be after its passage. *See Brosh v. Grange Mutual Casualty Co.*, 510 F.2d 1147 (6th Cir.1975) (applying Kentucky law); and *Wolford v. Wolford*, Ky., 662 S.W.2d 835 (1984).

Here, Spegal was certainly not a named insured under Farm Bureau's policy with Linda Sharon, and the trial court found from the evidence before it that his use of the Sharon vehicle was nonpermissive. Our decision and that of the Court of Appeals declaring the rights of the insurers as to whether Farm Bureau's policy afforded coverage for this collision, necessarily depend upon this finding of fact by the trial court. Consequently, should it appear otherwise to the trial court upon any full trial of this action between the original parties on the merits, then it should certainly reconsider the matter of liability coverage.

The decision of the Court of Appeals is affirmed and this cause is remanded to the Hardin Circuit Court with directions to enter a judgment for Farm Bureau on the issue of coverage.

STEPHENS, C.J., and REYNOLDS and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents by separate opinion in which LEIBSON and STUMBO, JJ., join.

LAMBERT, Justice, dissenting.

I dissent from the majority opinion on the ground that the judgment appealed from was not a final judgment. CR 54.01 defines a final judgment as "a final order adjudging all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." Here, appellant brought an action for declaratory relief and damages. After an interlocutory trial court order in favor of appellant, appellee was permitted to appeal to the Court of Appeals prior to any resolution of the damage claim asserted by appellant.

The majority has acknowledged that the CR 54.02 recitation is not outcome-determi-native and that the court should look to the substance to determine whether or not a judgment is final. I regard this case as a serious departure from our heretofore inflexible rule that, in the absence of specific rules or statutory exceptions, appeals may be taken only from final judgments.

This case perfectly illustrates the reason for the final judgment rule. This litigation involves multiple parties and multiple claims with appellant's claim being dependent upon the underlying liability claim. By its decision, however, the majority has decided that regardless of the outcome of the underlying claim, appellant will lose. Even if it is later determined that Spegal was a permissive user, a possibility quite properly left open by the majority, appellant, the reparation obligor, will lose its subrogation right.

Such a possibility could have been avoided by application of the final judgment rule discussed above. If all claims of all parties remained viable, liability could be properly allocated. By piecemeal litigation and appeals, however, such is impossible.

Finally, it is no answer that both appellant and appellees sought summary judgment. Simply because both ask doesn't mean that one automatically receives. It is the duty of trial and appellate courts to properly determine when judgments should be entered, and affirmed or reversed, without regard to something akin to a waiver by virtue of having sought summary judgment.

LEIBSON and STUMBO, JJ., join this dissent.