RENDERED: DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1557-MR

SAYRE CHRISTIAN VILLAGE
NURSING HOME, INC. D/B/A
SAYRE CHRISTIAN VILLAGE
NURSING, INC. AND PENNY
UPTON, ADMINISTRATOR OF
SAYRE CHRISTIAN VILLAGE
NURSING HOME INC.                                      APPELLANTS


                    APPEAL FROM FAYETTE CIRCUIT COURT
v.                  HONORABLE DIANE MINNIFIELD, JUDGE
                    ACTION NO. 24-CI-00735


SUSAN ENDICOTT POTTER,
ADMINISTRATOR OF THE ESTATE
OF JEAN ENDICOTT; NURSESTAT,
LLC; AND DATIERA WALKER                                 APPELLEES


                    OPINION AND ORDER
                    DISMISSING

                    ** ** ** ** **

BEFORE:  ACREE, ECKERLE, AND KAREM, JUDGES.

KAREM, JUDGE: Sayre Christian Village Nursing Home ("Sayre") and Penny Upton ("Upton"), as Administrator of Sayre, together with co-defendants Datiera Walker ("Walker") and her employer NurseStat were sued by Jean Endicott ("Endicott") in a negligence case brought before Fayette Circuit Court. Sayre and Upton appeal from an interlocutory opinion and order of the Fayette Circuit Court denying the motion of Walker and NurseStat to compel arbitration.[1] After careful review of the hearing, briefs, and law, we find that Sayre and Upton are precluded from asserting this appeal as they were not aggrieved by the trial court's order. The appeal is therefore dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

At some point in Jean Endicott's adult life, she was diagnosed with dementia and, due to her inability to care for herself, became a resident of Sayre. At the time of admission, Endicott signed an agreement with Sayre to resolve all disputes through arbitration.

Due to Endicott's advanced stage of dementia, she could become combative. In fact, it was well known that Endicott could become combative at times of showering or bathing and had a history of aggression with the Sayre staff.

---

[1] Kentucky Revised Statute ("KRS") 417.220(1)(a) states an appeal may be taken from an order denying an application to compel arbitration made under KRS 417.060.

This fact led her daughters to place a note over Endicott's bed with a list of instructions to prevent her from becoming combative.

On March 30, 2023, during an attempt by Walker to bathe her, Endicott received a black eye, bruising on her chest, and abrasions to her neck. Walker claims Endicott became combative and injured herself. However, Endicott's daughters believe Walker assaulted their mother.

Immediately following the incident, Walker reported it to the administration at Sayre. Police were called, and an investigation was opened. However, unable to establish probable cause to charge anyone with an offense, the case was closed. Endicott subsequently filed a civil suit alleging negligence against: Sayre; Upton, as Administrator; Walker, individually; and NurseStat. Unfortunately, Endicott died on April 2, 2024, of unrelated causes. Susan Endicott Potter, Administratrix of her estate ("Estate"), was substituted as plaintiff on September 5, 2024.

Sayre and Upton (the "Sayre Defendants"), noting the existence of an arbitration agreement signed by Endicott, motioned the court to stay the proceedings and compel arbitration. Walker and NurseStat joined in the motion. The trial court granted the Sayre Defendant's motion but denied the motions of Walker and NurseStat. The court specifically found that Endicott had agreed to proceed to arbitration against the Sayre Defendants by signing the arbitration

agreement at the time of her admission.  However, the arbitration agreement, without a stipulation or finding that Walker was acting as an agent or employee of Sayre, did not extend to Walker or NurseStat, as they were not parties to the agreement.  Thus, the Estate was not bound by the agreement to arbitrate as to those defendants.[2]  The Sayre Defendants appealed the trial court's decision denying Walker and NurseStat's motion to compel arbitration.  Notably, no appeal was filed by Walker or NurseStat themselves.[3]

SHOW CAUSE ORDER

On January 7, 2025, Kentucky Court of Appeals Chief Judge Thompson issued an order for the Sayre Defendants to show cause why this appeal should not be dismissed as an appeal from an order by which they were not aggrieved or prejudiced.[4]  The Appellants responded, and the issue was assigned to the Court's 3-member motion panel.  The panel decided just cause was shown for the appeal to proceed.  However, the motion panel's order did not finally dispose

---

[2] Paragraph 5 of Estate's initial complaint alleges Walker "was the employee, agent and/or servant of [Sayre] and/or [NurseStat] . . . ."  Notably, Sayre's answer to paragraph 5 simply states, "Datiera Walker provided nursing aide services at Sayre Christian Village during the residency of Ms. Endicott through NurseStat, LLC."

[3] Although defendants below, Walker and NurseStat are Appellees in the case *sub judice*.

[4] Appellants filed two appeals on the same date, No. 2024-CA-1554-MR and the case *sub* judice, No. 2024-CA-1557-MR.  The Show Cause Order also requested the Appellees show cause why their appeal should not be dismissed as duplicative.  Appellants agreed that one appeal was duplicative of the other and case No. 2024-CA-1554-MR was dismissed.

of the issue. "This Court retains authority to review decisions on motion panel that do not finally dispose of the case when the case is considered by a full-judge panel to which it is assigned." *Commonwealth Bank & Trust Co. v. Young,* 361 S.W.3d 344, 350 (Ky. App. 2012). Upon further review, with the benefit of the entire record before this merits panel, we respectfully disagree with the motion panel's resolution of this issue. The Sayre Defendants are not aggrieved by the trial court's order and, thus, the appeal will be dismissed.

ANALYSIS

"Arbitration agreements, as with any other valid contract, are generally enforceable. State courts must compel arbitration when there is a valid, written arbitration agreement between the parties." *Jackson v. Legacy Health Servs., Inc.*, 640 S.W.3d 728, 732 (Ky. 2022) (footnote citation omitted). In the case *sub judice*, the Estate agrees that an agreement to arbitrate exists between the Estate and the Sayre Defendants as executed by Endicott and Sayre at the time of her admission. The trial court correctly ordered arbitration as to these parties. This part of the trial court's ruling is not being appealed.

As to Walker's and NurseStat's motion to compel, the trial court denied the request. Interestingly, the Sayre Defendants, and not Walker or NurseStat, appealed this aspect of the trial court's order.

It is important to note, the trial court denied the motion of Walker and NurseStat because nothing in the record had established Walker as an agent of Sayre. The trial court provided ample opportunity for Sayre to stipulate to the nature of Walker's relationship while providing services at Sayre:

> If there is an agreement between Sayre and Ms. Walker—Nurse Walker, I haven't seen it. You know, that makes her an agent— that classifies her as an agent. By some agreement you all have reached [that] she's an agent and [agency is] no longer an issue of fact or issue to be disputed. Then she comes under the contract between Sayre and the resident. But unless there is something there that I have yet to see, some sort of agency agreement, either by agreement or by contract, that you all hired Ms. Walker, that pulls her up to the status of an agent of Sayre, I don't see how I can just automatically just put her into the arbitration agreement.

However, Sayre failed to offer any acknowledgment or acceptance of an agency relationship with Walker to the court. The Sayre Defendants argue that mere allegations by the Estate that Walker is the agent of Sayre is enough to create a situation whereby the Court should infer an injury sustained by them. We disagree.

"A principal may be held vicariously liable for the negligent acts of his or her agent, but generally is not held liable for the conduct of an independent contractor." *Nazar v. Branham*, 291 S.W.3d 599, 606 (Ky. 2009) (citing *Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d 145, 151 (Ky. 2003)). "Where the facts are in dispute and the evidence is contradictory or conflicting, the question of

agency, like other questions of fact, is to be determined by a jury. However, where the facts [regarding the parties' relationship] are undisputed, the question becomes one of law for the court." *Wolford v. Scott Nickels Bus Co.*, 257 S.W.2d 594, 595 (Ky. 1953).

Because there is no stipulation by Sayre, or finding by judge or jury, as to the existence of an agency relationship between Sayre and Walker, the Sayre Defendants were not aggrieved by the trial court's order.

## **CONCLUSION**

Based on the foregoing, the appeal is DISMISSED.

ALL CONCUR.

ENTERED: ___12-19-2025___         _____
                                                    JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANTS:

James N. Martin, Jr.
Craig L. Johnson
Louisville, Kentucky

BRIEF FOR APPELLEES
NURSESTAT, LLC; AND DATIERA
WALKER:

James E. Smith
Bryan D. Gazak
Louisville, Kentucky

BRIEF FOR APPELLEE SUSAN
ENDICOTT POTTER,
ADMINISTRATOR OF THE ESTATE
OF JEAN ENDICOTT:

Madeleine R. Hamlin
Masten Childers, III
Adam Havens
Justin S. Peterson
Kellie M. Collins
Lexington, Kentucky